UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL HURLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 11-11871-FDS |
| RONALD CORBETT, ) | |
| Acting Commissioner of Probation, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER
ON PETITION FOR HABEAS CORPUS**

SAYLOR, J.

      Petitioner Paul Hurley was convicted in June 2006 in Massachusetts Superior Court of two counts of rape of a child under the age of sixteen. He is currently on probation. Respondent Ronald Corbett is the Acting Commissioner of Probation in Massachusetts. On October 21, 2011, Hurley filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his conviction was obtained in violation of (1) his Fifth Amendment privilege against self-incrimination, (2) his Fourteenth Amendment due-process right to present a defense, and (3) his Sixth Amendment right to effective assistance of counsel. For the reasons set forth below, the petition will be denied.

**I.    Background**

      Paul Hurley, a former Catholic priest, was indicted on August 8, 2002, in Middlesex County on two counts of rape of a child under the age of sixteen. The trial took place in June 2006. According to testimony at trial, at the age of twelve the victim began visiting the church

rectory, where Hurley served alcohol to him and other neighborhood boys. Hurley and the victim engaged in oral sex during these visits. The victim further testified that, on at least one other occasion, Hurley gave the victim money in exchange for sexual favors. Hurley did not testify at trial.

At the conclusion of trial, the judge gave the following instruction (among others): "If there's only one witness testifying about a fact, and you disbelieve that witness, you can't draw the opposite conclusion from that disbelief." Hurley's counsel did not object to the instruction.

On June 27, 2006, the jury returned a verdict of guilty on both counts. On July 28, Hurley was sentenced to a term of imprisonment of four years and a day, followed by a term of probation of five years. Hurley filed a notice of direct appeal and subsequently moved for a new trial, contending, among other things, that the above jury instruction violated his right to present a defense under the Due Process Clause of the Fourteenth Amendment and that his attorney's failure to object to this instruction constituted ineffective assistance of counsel in violation of the Sixth Amendment. The trial judge denied the motion without a hearing.

In November 2006, Hurley filed a second motion for a new trial on the basis of newly discovered exculpatory evidence. Two persons who served time in prison with the victim were prepared to testify that the victim told them that he fabricated the allegations in order to "get on the money train." After holding an evidentiary hearing, at which the potential witnesses testified, the judge denied the motion.

In denying the second motion for a new trial, the judge held that the relevant question under Massachusetts law was whether the absence of the testimony "casts real doubt on the justice of the conviction." He concluded that the new evidence Hurley offered did not meet this

standard because (1) in Massachusetts, new evidence that goes only to impeachment is not normally a sufficient basis for a new trial; (2) the witnesses' testimony was not credible; and (3) the defendant's decision not to testify made it difficult for the jury to acquit in any event.

Hurley appealed the denial of these motions, which were consolidated with his direct appeal before the Massachusetts Appeals Court.  As grounds for his appeal, Hurley contended that the following actions by the judge constituted reversible error:  (1) the jury instruction on disbelief of testimony; (2) the reliance on defendant's failure to testify as grounds for denying the new-trial motion; and (3) the use of an incorrect state-law standard for new-trial motions.

On September 17, 2010, the Appeals Court affirmed the convictions and the denial of a new trial.  *Commonwealth v. Hurley*, 2010 Mass. App. Unpub. LEXIS 1044 (Mass. App. Ct. Sept. 17, 2010).  As to the first issue, the court held that the instruction was correctly given.  As to the second issue, the court held that the judge's discussion of the defendant's decision not to testify was "unwarranted," but nonetheless irrelevant, because the judge's finding that the new witnesses' testimony was not credible was a sufficient basis on which to deny the motion.  Finally, as to the third issue, the court held that the trial judge applied the correct standard.

Hurley filed an application for leave to obtain further appellate review with the Supreme Judicial Court, which was denied on October 27, 2010.  *Commonwealth v. Hurley*, 458 Mass. 1107 (2010).

On October 21, 2011, Hurley filed a petition under 28 U.S.C. § 2254 with this Court.  As grounds for relief Hurley contends that (1) the denial of the motion for a new trial on the basis of his decision not to testify violated his Fifth Amendment privilege against self-incrimination; (2) the jury instruction as to permissible inferences violated his Fourteenth Amendment due-process

right to present a defense; and (3) his attorney's failure to object to the jury instruction violated his Sixth Amendment right to effective assistance of counsel.

## II.     Analysis

### A.     Standard of Review

An application for a writ of habeas corpus brought by a state prisoner shall not be granted "with respect to any claim adjudicated on the merits in State court proceedings" unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  However, if a claim was not "adjudicated on the merits in State court proceedings," then the claim should be reviewed *de novo* by the federal district court. *Clements v. Clarke*, 592 F.3d 45, 52 (1st Cir. 2010). Petitioner contends that none of his claims were adjudicated on the merits in state court proceedings, and, therefore, he is entitled to *de novo* review.[1]

In determining whether a claim was adjudicated on the merits in state court, the Court looks to whether the state court decision resolved the parties' claims, with *res judicata* effect, based on the substance of the claim advanced, rather than on a procedural, or other, ground. *See Id.* Furthermore, to garner the protection of deferential review, the claim must not only be adjudicated on the merits, but, specifically, the merits of the *federal* claim at issue, which is complicated by the fact that "determining precisely which substance [a state court relied on]

---

[1] There is no issue here as to exhaustion—that is, the issue is not whether petitioner *raised* the claims below, but whether the state court adjudicated those claims on the merits.

proves a bit more elusive." *Id.*

In addition, "federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground." *Burks v. DuBois*, 55 F.3d 712, 716 (1st Cir. 1995), *citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Lambrix v. Singletary*, 520 U.S. 518 (1997). This rule extends to situations in which "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. A state procedural rule is "adequate" if it is regularly or consistently applied by the state courts. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), *citing Hathorn v. Lovorn*, 457 U.S. 255, 262-263 (1982). The rule is "independent" if it does not depend on a federal constitutional ruling. *Id., citing Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The Court in *Coleman* affirmed that the doctrine may apply even where the state procedural default is offered as an "alternative" basis for a decision. *Coleman*, 501 U.S. at 733.

As to the first claim—concerning the judge's denial of the second new-trial motion—the state court did not review the claim in light of its Fifth Amendment implications. The court's only discussion of the claim was limited to a reference to the trial judge's comments as "unwarranted." The court certainly discussed the merits of the denial in terms of state law, but that is not enough to satisfy the "adjudicated on the merits" requirement of the statute. *See id.* Accordingly, the Court will review that claim *de novo*.

As to the second claim—concerning the jury instruction on permissible inferences—the petitioner's claim is procedurally defaulted because the Appeals Court based its decision on an adequate and independent state-law ground. Specifically, the court found that the claim was

waived for failure to object to the instruction at trial, and then reviewed it under the "substantial risk of a miscarriage of justice" standard. The limited review undertaken pursuant to the Massachusetts "miscarriage of justice" standard does not operate as a waiver of the underlying procedural default. *Burks*, 55 F.3d at 716, n. 2. To the contrary, such review constitutes the "classic example of an independent and adequate state ground" supporting application of the procedural default rule. *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st Cir. 1999). Accordingly, this Court may not consider the issue under § 2254.

Finally, as to the third claim—ineffective assistance of counsel—the state court did not discuss the substance of the claim at any level. The discussion of the facts supporting that claim, if any, was limited to the alleged underlying error—the jury instruction on permissible inferences. *See Hurley*, 2010 Mass. App. Unpub. LEXIS 1044. A collateral discussion on a related, but different, claim does not rise to level of adjudication on the merits. *See Clements*, 592 F.3d at 52. Accordingly, the Court will review this claim *de novo*.

### B. Denial of New-Trial Motion

As a preliminary matter, it should be noted that the Appeals Court did not rest its decision on the fact that the trial judge referred to the defendant's decision not to testify. *Hurley*, 2010 Mass. App. Unpub. LEXIS 1044. The court reasoned that whether the reference was improper or not, the fact that the trial judge found that the witnesses' testimony was not credible was a sufficient independent basis on which to affirm the denial of a new trial under Massachusetts law. *Id. See also Commonwealth v. Grace*, 397 Mass. 303, 305 (1986) ("The evidence said to be new not only must be material and credible, but also must carry a measure of strength in support of the defendant's position.") (internal citations omitted).

Petitioner contends that the trial judge's emphasis on his decision not to testify tainted the entire reasoning of the denial, including the judge's ability to determine the witnesses' credibility objectively. However, the judge's stated reasoning at the conclusion of his order denying the motion makes no mention of the decision not to testify: "[i]n short, I am *firmly* convinced that the Tucker/LaPerle testimony: is not credible; goes only to impeachment; and would not have shaken the [the Complainant's] narrative." (emphasis added).

This Court agrees with the Appeals Court and finds that the trial judge's determination that the witnesses were not credible represented a sufficient independent state law ground. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009). The Appeals Court determined unequivocally that this finding was sufficient for purposes of denying a new-trial motion under state law. *Hurley*, 2010 Mass. App. Unpub. LEXIS 1044. The judge's references to the defendant's decision not to testify, however misleading and unnecessary, did not give rise to a constitutional violation of the petitioner's rights.

Petitioner also cites *Griffin v. California*, 380 U.S. 609, 615 (1965) for the proposition that a judge, in denying a new-trial motion, may not draw any adverse inference from petitioner's decision not to testify at trial. *Griffin* itself only specifically "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *See id.* But even if *Griffin* stands for a broader proposition prohibiting any consideration of a defendant's decision not to testify, the result is the same. As the Appeals Court found, the trial judge's "unwarranted" comment did not have a "substantial and injurious effect or influence in determining the [judge's denial of petitioner's new trial motion] such that

7

reversal is warranted," because the judge provided at least one other distinct and legitimate state-law ground for denying the motion. *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993).

As to the denial of his new-trial motion, petitioner also challenges the constitutionality of the Massachusetts rule that a new trial will generally not be granted solely on the basis of new testimony that only goes to impeachment.[2] Petitioner contends that the Due Process Clause requires that collateral relief be available after the discovery of impeachment evidence when the credibility of that witness is essential to the verdict. However, even if the Massachusetts rule might be unconstitutional in some applications, petitioner has not shown that it is unconstitutional as applied to him, and so his challenge must fail.[3]

It is well-established that in considering new trial motions, the trial court is granted broad discretion "to weigh the evidence and assess the credibility of both the witnesses who testified at trial and those whose testimony constitutes 'new' evidence." *United States v. Wright*, 625 F.2d 1017, 1019 (1st Cir. 1980) (citing *United States v. Zannino*, 468 F.2d 1299, 1303 (1st Cir. 1972), cert. denied, 410 U.S. 954, 93 (1973); *United States v. Leach*, 427 F.2d 1107, 1111 (1st Cir. 1970)). Here, the judge found that the new witnesses' testimony was not credible; the

---

[2] In *Commonwealth v. Dubois*, 451 Mass. 20, 32 (2008), the SJC held that "where [newly discovered] evidence goes to the credibility of witnesses, no new trial is required."

[3] In support of the notion that such a rule is unconstitutional on its face, petitioner cites to *Davis v. Alaska*, 415 U.S. 308 (1974). In *Davis*, the Supreme Court held that the trial judge's *exclusion* of impeachment evidence—a witness's juvenile delinquency adjudication for burglary and probationary status—was reversible error requiring a new trial. *Id.* at 320. However, the determination of whether something may be constitutionally excluded from trial does not require the same analysis as the determination of whether newly discovered evidence, introduced after trial, amounts to enough to re-open a case. A judge ruling on a new-trial motion does not exclude newly discovered evidence; he assesses the credibility of the evidence and the issue to which it relates (for example, impeachment) in order to determine whether it warrants a new trial. Massachusetts has made the judicial determination that if the new evidence is admissible only for impeachment purposes, regardless of its credibility, it is not enough to overcome the state-law standard for granting a new trial. *Accord* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 3 FEDERAL PRACTICE AND PROCEDURE § 584 (4th ed., 2011) ("Ordinarily newly discovered evidence that merely goes to impeach the credibility of a prosecution witness is not sufficient to justify a new trial.").

Constitution does not entitle a defendant to a new trial on the basis of such evidence. *See Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) ("[t]he accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."); *see also United States v. Benavente Gomez*, 921 F.2d 378, 383 (1st Cir. 1990) (affirming a district court's denial of a new trial on the grounds that a new witness "was not [] sufficiently credible. . . to have been likely to produce a different outcome on retrial.").

The Court accordingly finds that the denial of the new-trial motion and its subsequent affirmance were based on adequate and independent state-law grounds. Accordingly, habeas relief on the basis of that denial will not be granted.

### C. Jury Instruction on Permissible Inferences

It is well-established that federal habeas review is not available when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30. Massachusetts has "a long standing rule that issues not raised at trial . . . are treated as waived . . . ." *Commonwealth v. Curtis*, 417 Mass. 691, 626 (1994). A state court decision based on a petitioner's failure to comply with a contemporaneous-objection rule constitutes an adequate and independent state ground. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

Here, it is undisputed that petitioner's counsel did not object contemporaneously to the jury instruction at issue. In fact, that is the basis in part for petitioner's ineffective-assistance claim. The Appeals Court recognized this default and consequently reviewed petitioner's claim concerning the instruction under the "substantial risk of a miscarriage of justice" standard. However, as noted, this limited review does not operate as a waiver of the underlying procedural

default, but rather constitutes the "classic example of an independent and adequate state ground" supporting application of the procedural default rule. *Burks*, 55 F.3d at 716, n. 2; *Simpson v. Matesanz*, 175 F.3d 200, 207 (1st Cir. 1999). In order to avoid this procedural bar, petitioner is required to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice." *Glacken v. Dickhaut*, 585 F.3d 547, 551 (1st Cir. 2009). Petitioner does not address this hurdle in his memorandum; however, the only apparent potential cause for the default would be the alleged ineffective assistance of his counsel. The Court finds, for the reasons set forth below, that his attorney's conduct did not constitute ineffective assistance, and, consequently, petitioner cannot show good cause for failing to object contemporaneously to the jury instructions. Accordingly, habeas relief on the basis of the jury instruction on permissible inferences will be denied as procedurally defaulted.

### D.     Ineffective Assistance of Counsel

In order to establish a claim of ineffective assistance of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The essence of an ineffective assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee to any defendant a perfect defense or a successful defense. *See Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the

circumstances." *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir. 1991). "Trial counsel is under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel." *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990).

To succeed on an claim of ineffective assistance of counsel, a petitioner must show both (1) deficient performance by counsel and (2) resulting prejudice. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 687). An insufficient showing on either prong will defeat an ineffective assistance-of-counsel claim. *See, e.g., Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008). To show deficient performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This evaluation must be highly deferential. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To establish resulting prejudice, petitioner must show that, but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 692.

Here, petitioner contends that trial counsel was ineffective because he failed to object to the jury instruction on permissible inferences at trial. This claim fails on the merits, because the instruction was not only constitutional, but also likely permissible under Massachusetts law. The jury instruction at issue directed the jury that "if there's only one witness testifying about a

11

fact, and you disbelieve that witness, you can't draw the opposite conclusion from that disbelief." Petitioner contends that this instruction impermissibly and unconstitutionally foreclosed an alternative version of events that could have been a defense. *See Gilmore*, 508 U.S. at 343. In support of this notion, petitioner relies on a passage in *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952) (L. Hand, J.), where the court stated that " evidence [of the incredibility of a witness] may satisfy the tribunal, not only that the witness'[s] testimony is not true, but that the truth is the opposite of his story." *Id.* However, *Dyer* does not hold that a state criminal defendant has a federal constitutional right to a particular instruction on such an inference. *Id.* In fact, it stands for the unremarkable proposition that the party bearing the burden of proof cannot rely solely on discrediting the testimony of witnesses who tell a story contrary to what he must prove (in other words, such a party must offer some affirmative proof of facts). The instruction here, while potentially unnecessary, comports with the general treatment of this type of evidence in the First Circuit as well. *See, e.g., NLRB v. Joseph Antell, Inc.*, 358 F.2d 880, 883 (1st Cir. 1966) ("The mere disbelief of testimony of itself establishes nothing.").

Moreover, the judge's instruction on permissible inferences "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *See Estelle*, 502 U.S. at 72-73. In concluding that the jury instruction was correct under Massachusetts law, the Appeals Court noted "that the judge repeatedly instructed the jury that the Commonwealth had the burden of proof beyond a reasonable doubt, and that the defendant did not need to prove his innocence." *Hurley*, 2010 Mass. App. Unpub. LEXIS 1044. Thus, the trial judge's instruction on permissible inferences was given in the context of other instructions that limited the permissible inferences instruction. Furthermore, because petitioner,

as a criminal defendant, did not have to affirmatively prove his innocence, the jury's disbelief of prosecution witnesses, without any opposite inference, would have nonetheless resulted in an acquittal.

Counsel's failure to object cannot constitute deficient performance in such circumstances. *See Acha*, 910 F.2d at 32 ("Failure to [raise meritless claims] does not constitute ineffective assistance of counsel."). Counsel's failure to object to a customary state-law jury instruction in the context of other relevant limiting instructions does not demonstrate that his performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. Furthermore, even if the objection had some merit, it would have been entirely conceivable, and constitutional, for petitioner's counsel to make the strategic determination not to object. A failure to object in such circumstances does not amount to constitutional deficiency.

Finally, even if it were deficient performance, counsel's failure to object did not amount to actual prejudice, because such an objection would not have likely changed the result of the proceeding. *See Strickland*, 466 U.S. at 694. As noted, the objection was of questionable merit, and it clearly would have been within the judge's discretion to overrule it. Furthermore, had the jury disbelieved prosecution witnesses, the verdict would have been an acquittal, whether or not they applied the purportedly erroneous instruction. Therefore, petitioner has not demonstrated either prong of a successful ineffective assistance-of-counsel claim. *Id*. at 687; *Peralta*, 597 F.3d at 79. Accordingly, the ineffective-assistance-of-counsel claim will be denied.

### III.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

**So Ordered.**


                                                            /s/ F. Dennis Saylor
                                                            F. Dennis Saylor IV
                                                            United States District Judge

Dated: December 20, 2012